UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISVISION

FAIRY ROSS,                                     Case No. 24-cv-12890

        Plaintiff,                              Hon. F. Kay Behm
v.                                              United States District Judge

MMI ASSET MANAGEMENT
GROUP, LLC, a Nevada limited
liability company, MMI ASSET
MANAGEMENT GROUP, LTD, a
Canadian limited company, and
AYOKUNNU ARE,

        Defendants.
_____ /

and

IDELLA BAILEY,                                  Case No. 24-12891

        Plaintiff,                              Hon. F. Kay Behm
v.                                              United States District Judge

MMI ASSET MANAGEMENT
GROUP, LLC, a Nevada limited
liability company, MMI ASSET
MANAGEMENT GROUP, LTD, a
Canadian limited company, and
AYOKUNNU ARE,

        Defendants.
_____ /

**CONSOLIDATED OPINION AND ORDER ON DEFENDANTS'
MOTIONS TO DISMISS (ECF Nos. 4 (*Ross II*), 6 (*Bailey*))**

## I.      SUMMARY AND PROCEDURAL HISTORY

This matter is before the Court on two motions to dismiss in two companion cases, *Ross v. MMI*, Case No. 4:24-cv-12890 ("*Ross II*"), and *Bailey v. MMI*, Case No. 4:24-cv-12891 ("*Bailey*"), which share the same defendants and feature plaintiffs with legally and factually similar claims.  These cases are post-judgment collections actions by Plaintiffs against Defendants MMI Asset Management Group, LLC, a Nevada limited liability company ("MMI"), MMI Asset Management Group, LTD, a Canadian limited company ("MMI Canada"), and Ayokunnu Are ("Are"), alleged to be the sole member and officer of MMI and MMI Canada.

The Defendants have jointly moved to dismiss the claims against them for lack of personal jurisdiction, claim preclusion (res judicata), and for untimeliness under the applicable statutes of limitation.  (*Ross II*, ECF No. 4; *Bailey*, ECF No. 6).  The court finds that oral argument will not aid the court in its decision pursuant to E.D. Mich. LR 7.1(f)(2), consolidates its opinion and order on both motions, and **DENIES** the motions in full.

2

## II.    FACTUAL BACKGROUND

Plaintiffs are two unrelated individuals who invested funds with
Defendants in exchange for promissory notes that MMI then issued
them.  Both sued when MMI did not pay them what they were owed on
those notes, and Plaintiffs have accordingly obtained judgments for
breach of contract on those promissory notes against MMI.  *Bailey*, ECF
No. 3, PageID.13 (referencing prior state court judgment); *Ross II*, ECF
No. 1-1, PageID.11 (referencing prior state court judgment); *Ross v.
MMI Asset Mgmt. Grp., Ltd. Liab. Co. (Ross I),* No. 24-10342, 2024 U.S.
Dist. LEXIS 53229 (E.D. Mich. Mar. 19, 2024) (federal court judgment
on two promissory notes) (pending appeal).

Both Plaintiffs sought in post-judgment proceedings to enforce
those judgments against MMI.  In proceedings supplemental to
judgment in August and September 2024, Defendant Are provided an
affidavit to Plaintiffs (attached as Exhibit 3 to Plaintiffs' responses to
these motions, *see, e.g.*, *Bailey*, ECF No. 7-1, PageID.156), and
Plaintiffs' counsel deposed Are in a debtor examination (a transcript of
which was attached as Exhibit 4 to Plaintiffs' Responses, *see*, *e.g.*

*Bailey*, ECF No. 7-1, PageID.161).  From Are, Plaintiffs allege that they

discovered, for the first time, that:

1)   MMI kept 35.5% of Plaintiffs' investments for unspecified

expenses, including salaries for employees[1] (*Ross II*, ECF

No. 5-1, PageID.153, Ex. 3, ¶ 1; ECF No. 5-1, PageID.161,

Ex. 4, pp. 20-21);

2)   The remaining 64.5% of Plaintiffs' investment was

transferred to MMI Canada for no return consideration (*id.*;

*Ross II*, ECF No. 5-1, PageID.159);

3)   MMI was set up for the sole purpose of transferring U.S.

investor funds to MMI Canada, so that MMI Canada could

invest the funds in Canadian real estate investments (*Ross

II*, ECF No. 5-1, PageID.165-67, Ex. 4, pp. 36:23-37:15; *id.* at

PageID.178, 88:14-89:12);

4)   MMI Canada commingled Plaintiffs' invested funds with

funds from other investors and invested the funds in various

real estate development companies, which were part of the

---

[1] Plaintiffs allege that these expenses are fictitious.  In the debtor's exam, Are testified that MMI has never had any employees, and that he did not pay himself a salary. (ECF No. 5-1, PageID.161, Ex. 4, p. 19).

4

Walton Group of Companies (*Ross II*, ECF No. 5-1, PageID.152-53, Ex. 3, ¶ 1; *id.* at PageID.159, Ex. 4, pp. 11-13);[2]

5)   MMI has no assets, so it cannot afford to satisfy Plaintiffs' judgment or file for bankruptcy (*Ross II*, ECF No. 5-1, PageID.177-78, Ex. 4, pp. 85-86).

Plaintiffs have now sued MMI, MMI Canada, and Are himself for claims including fraudulent transfers under Mich. Comp. L. §§ 566.34(1)(a), 566.34(1)(b), and 566.35(1) ("MUVTA"), conversion and violations of § 600.2919a, civil conspiracy, unjust enrichment, as well as equitable claims for veil piercing, receivership, and constructive trust. *Ross v. MMI (Ross II)*, Case No., 4:24-cv-12890, ECF No. 1; *Bailey v. MMI*, Case No. 4:24-cv-12891, ECF No. 1.

## IV.   ANALYSIS

### A.   Personal Jurisdiction May Be Exercised Over All Defendants

---

[2] The companies that MMI Canada invested in were later restructured as part of a Canadian creditor protection proceeding into a single entity, RUC, which essentially devalued MMI Canada's investments.  (*See Ross II*, ECF No. 5-1, PageID.152-53, Ex. 3, ¶ 1; *Ross II*, ECF No. 5-1, PageID.159, 161, Ex. 4, pp. 13, 22-23).

Personal jurisdiction can be either general or specific.  General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic as to render" the defendant "essentially at home" there.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (cleaned up).  "Specific jurisdiction, on the other hand, depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Id.* (quoting citation omitted).  In a diversity action such as this one, the court may exercise specific personal jurisdiction over a non-resident defendant if authorized under the forum state's long-arm statute and the exercise of jurisdiction comports with constitutional due process.  *See Air Products & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).  Under Michigan's long-arm statute, specific jurisdiction may be exercised over a corporation if, for example, it (1) transacts any business within the state; (2) does or causes an act to be done, or consequences to occur, in the state resulting in an action for tort; or . . . (5) enters into a contract for services to be rendered or for

6

materials to be furnished in the state by the defendant.  Mich. Comp. L. § 600.715.  The Sixth Circuit has established a three-part test for specific jurisdiction to determine if application of a state's long-arm statute meets due process.  First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.  *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968); *see also Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (applying the *Southern Machine* test).

A district court has discretion in how it resolves a 12(b)(2)[3] motion.  *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020); *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  "If it decides that the motion can be ruled on before

---

[3] Defendants cite to Rule 12(b)(1), but their arguments are based on personal jurisdiction under 12(b)(2).

trial, the court 'may determine the motion on the basis of affidavits alone . . . .'" *Serras*, 875 F.2d at 1214 (quoting citation omitted). "When the district court 'rules on written submissions alone' the burden consists of 'a prima facie showing that personal jurisdiction exists.'" *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Serras*, 875 F.2d at 1214). In this posture, the court does not consider controverting evidence, *see Malone*, 965 F.3d at 505, and dismissal "is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Defendants assert that none of the Defendants are residents of Michigan, nor do they conduct business in Michigan. Defendant MMI is a Nevada limited liability company, and MMI Canada is a Canadian entity. Additionally, Defendant Are was not a Michigan resident at the time of the alleged events. Defendants thus argue that "Plaintiff has provided no evidence" to satisfy the requirements of due process or to justify this court's exercise of jurisdiction under Michigan's long-arm statute. *Bailey*, ECF No. 6, PageID.71. The court rejects this argument.

1.   *MMI and Are*

Plaintiffs have alleged that MMI conducted business in Michigan. According to Plaintiffs, Are initiated contact with Plaintiffs while he was living in Michigan for the purpose of soliciting their investments. *Ross II*, ECF No. 5-1, PageID.147; *Bailey*, ECF No. 7-1, PageID.152. After he returned to Canada, he continued to contact Plaintiffs at their homes in Michigan regarding investment opportunities, including the opportunity to purchase promissory notes in his company MMI. *Id.* at ¶ 3. Thereafter, Are and MMI sent offering documents and promissory notes to Plaintiffs in Michigan. *Id.* at ¶ 5. Are and MMI remained in regular contact with Plaintiffs regarding the purported status of their investments, sending communications to them in Michigan by way of mail and email. *Id.* at ¶ 6. Are and MMI also sent dividend payments to Plaintiffs' bank accounts in Michigan. *Id.*

Taking Plaintiffs' allegations as true, Are was aware of who he was communicating with. MMI (via its sole officer, Are) was aware of who it was communicating with. Both were aware of Plaintiffs' locations in Michigan. Plaintiffs also allege that Are was in Michigan while soliciting Plaintiffs' investments, and the court does not at this

stage consider controverting affidavits.  *See Bailey*, ECF No. 3,

PageID.12; *Ross II*, ECF No. 1-1, PageID.11; *Malone*, 965 F.3d at 505.

These facts easily establish a prima facie showing that MMI and Are

purposefully availed themselves of Michigan's jurisdiction, and that the

exercise of personal jurisdiction is reasonable.

### 2.   *MMI Canada*

The Sixth Circuit has adopted an alter-ego theory of personal

jurisdiction as to related corporations.  This theory is often applied in

the parent-subsidiary context, and in that context "provides that a non-

resident parent corporation is amenable to suit in the forum state if the

parent company exerts so much control over the subsidiary that the two

do not exist as separate entities but are one and the same for purposes

of jurisdiction." *Estate of Thomson v. Toyota Motor Corp. Worldwide*,

545 F.3d 357, 362 (6th Cir. 2008).  Notwithstanding the ordinary

application of this theory to a parent-subsidiary relationship,

"numerous courts, including courts applying Michigan law, have

considered the alter ego theory beyond the parent-subsidiary

relationship, albeit at times under a different name." *Wang v. GM,*

*LLC*, No. 18-10347, 2021 U.S. Dist. LEXIS 99166, at *6 (E.D. Mich. May

26, 2021) (collecting cases); *see, e.g.*, *Anwar*, 876 F.3d at 849-50; *Scarff Bros., Inc. v. Bischer Farms, Inc.*, 386 F. App'x 518, 524-25 (6th Cir. 2010) (reviewing district court decision holding related entities, not in a parent-subsidiary relationship, liable under alter-ego theory as set forth under Michigan law).  Alter ego jurisdiction rests on the "substance, not form, of the inter-corporate nexus." *HELLA Corp. Ctr. USA, Inc. v. BOGE Elastmetall GmbH*, No. 23-13252, 2024 WL 4995567, at *4 (E.D. Mich. Dec. 4, 2024) (quoting citation omitted).  In deciding whether two entities are alter egos, "courts are to look for two entities acting as one." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 848 (6th Cir. 2017).

Plaintiffs have alleged that MMI Canada's sole member and owner is Are (the same as MMI), and that MMI Canada is an alter ego of MMI.  Plaintiff has alleged that MMI's "sole purpose [was] transferring U.S. investor funds to MMI Canada, so that MMI Canada could invest the funds in Canadian real estate investments."  These allegations likewise easily suffice to allege that MMI and MMI Canada, although facially two entities, in fact acted as one and shared a sole officer/member who acted on behalf of both entities at all relevant times, and who intentionally solicited Plaintiffs' business in Michigan.

11

Therefore, Plaintiffs have met their prima facie burden to allege that MMI and MMI Canada are alter egos of one another, and that this court's exercise of jurisdiction over MMI Canada is proper and reasonable.

### B.    Plaintiffs' Claims are Not Time-Barred

"A motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)." *Future Now Enterprises, Inc. v. Foster*, 860 F. Supp. 2d 420, 427 (E.D. Mich. 2012) (citation omitted). At this stage, the court therefore views disputed facts related to this defense in the light most favorable to Plaintiffs.

Defendants argue that 1) claims for fraudulent transfer under Mich. Comp L. § 566.34(1)(a) and (b) and § 566.35(1) must be brought within six years of the date of the alleged fraudulent transfer, 2) claims for conversion under Mich. Comp. L. § 600.2919a are subject to a three-year statute of limitations, and 3) claims rooted in fraud, including conspiracy, veil piercing, unjust enrichment, and constructive trust must be brought within six years, and therefore Plaintiffs' claims are time-barred. ECF No. 6, PageID.70. At this stage, the court rejects these arguments.

First, Plaintiffs' claims for piercing the corporate veil, appointing a receiver, and/or imposing a constructive trust are not independent causes of action; they are actions founded on a judgment subject to a ten-year statute of limitations.  Mich. Comp. L. § 600.5809(3); *see Belleville v. Hanby*, 152 Mich. App. 548 (1986); *Gabler v. Woditsch*, 143 Mich. App. 709, 711 (1985); *see also Lester v. Wow Car Co., Ltd.*, 601 F. App'x 399, 401 (6th Cir. 2015) (per curiam) (unpublished opinion) (affirming district court's decision to dismiss alter ego claims noting the plaintiffs "will suffer no prejudice because the statute of limitations on these derivative claims do[es] not begin to run until a plaintiff obtains a judgment").  That statute of limitations has plainly not run for judgments obtained in 2024.  *See Bailey*, ECF No. 3, PageID.13; *Ross II*, ECF No. 1-1, PageID.11; *Ross I*.

Second, Plaintiffs' claims for fraudulent transfers, conversion, unjust enrichment, and civil conspiracy are also all timely under Mich. Comp. L. § 600.5855, which states as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is

13

> entitled to bring the action discovers, or should
> have discovered, the existence of the claim or the
> identity of the person who is liable for the claim,
> although the action would otherwise be barred by
> the period of limitations.

Plaintiffs were only able to act to collect on their debt from MMI once their claims for breach of contract were adjudicated and they obtained judgments against MMI. The present claims are based on facts that Plaintiff alleges they discovered in proceedings to enforce the judgments obtained in the prior actions in August and September 2024, *see Ross II*, ECF No. 5, PageID.82; *Bailey*, ECF No. 7, PageID.85. The instant actions were commenced later that same month in September 2024. Plaintiffs have alleged, and the court accepts for purposes of this motion, that they did know and had no reason to know about the alleged fraudulent transfers, conversion, unjust enrichment, or conspiracy between MMI, Are, and MMI Canada until they sought to collect on the judgments against MMI. Specifically, Plaintiffs allege that MMI and Are "a) fraudulently misrepresented to Plaintiff[s] that MMI would directly invest, and had directly invested, Plaintiff[s'] invested funds in real estate and other investment acquisitions, and (b) fraudulently concealed from Plaintiff[s] that (i) MMI would keep, and

had kept, 35.5% of Plaintiff[s'] invested funds for "expenses," including

salaries; and (ii) the remaining 64.5% of Plaintiff[s'] invested funds

would be transferred to MMI Canada for no return consideration." *See*

*Ross II*, ECF No. 1-1, PageID.15; *Bailey*, ECF No. 3, PageID.16.

Accepting Plaintiffs' factual allegations as true, Michigan's fraudulent

concealment statute would toll any statute of limitations which may

have expired as to these claims.[4]

## C.    Res Judicata (Claim Preclusion) Does Not Apply

Defendants claim that res judicata bars Plaintiffs' claims: that

prior state court actions resulted in final judgments on the merits, the

claims Plaintiffs raise in this lawsuit arise from the same transaction or

occurrence as the claims in the prior cases and could have been fully

litigated in that forum, and that the same parties are involved in both

cases.  Plaintiffs respond that the prior actions only litigated whether

MMI was in breach of the promissory notes it issued to Plaintiffs, and

not the present claims.  ECF No. 7, PageID.102.  Defendants do not

provide state court docket numbers, records, or any evidence to support

---

[4] Because reference to Mich. Comp. L. § 600.5855 is sufficient to resolve the present motion to dismiss, the court expresses no opinion on whether any applicable statutes of limitations had expired in fact.

their arguments for claim preclusion. Nor, for that matter, did they provide that evidence even when ordered to do so by this court. The court therefore considers Defendants' arguments undeveloped and unsupported. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument [and leave] the court to . . . put flesh on its bones.") (citations omitted). For clarity, the court will address the arguments as presented.

"[A] motion to dismiss under Rule 12(b)(6) is generally not the appropriate vehicle to dismiss a claim based on an affirmative defense such as res judicata. This is because, as with all affirmative defenses, it is the burden of the defendant to prove the elements of the defense. However, where a complaint 'shows on its face that relief is barred by an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate." *Mixon v. Trott Law, P.C.*, No. 19-1366, 2019 U.S. App. LEXIS 26235, at *4-5 (6th Cir. Aug. 28, 2019) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). In diversity actions where a party asserts claim preclusion, a federal court applies the law of the state in which it sits. *Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC*, 46 F.4th 454, 458 (6th Cir. 2022). Michigan courts

16

have adopted a three-part test that claim preclusion "bars a second action on the same claim if 'the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Mecosta Cnty. Med. Ctr. v. Metro. Grp. Prop. & Cas. Ins. Co.*, 509 Mich. 276, 282 (2022) (quoting *Foster v. Foster*, 509 Mich. 109 (2022)).

Turning to Plaintiffs' present claims against MMI:[5] as to their claims for piercing the corporate veil, appointing a receiver, and/or imposing a constructive trust, Plaintiffs have correctly pointed out that proceedings supplemental to a judgment are not barred by the mere fact of the action to obtain the judgment itself. "[T]here is nothing inappropriate about proceeding first to secure a judgment as to the actual debtor and, upon determining that the debtor has no assets and its corporate shield may be vulnerable, then bringing a piercing suit against those who actually control the corporation and have rendered it judgment-proof." *Gallagher v. Persha*, 315 Mich. App. 647, 660 (2016)

---

[5] Neither Are nor MMI Canada were formally parties to the first action. To the extent that they might be considered MMI's privies, the court's analysis also explains why claim preclusion would not lie against them.

(quoting *Inter-Tel Technologies, Inc v Linn Station Properties LLC*, 360 S.W.3d 152, 168 (Ky. 2012).  Those claims are therefore not precluded.

As to the rest of Plaintiffs' claims: on a Rule 12 motion, the court accepts Plaintiffs' characterization of the state court action.  Accepting that characterization, their claims for fraudulent transfers, conversion, and unjust enrichment[6] were not decided in the first action for breach of contract.  Nor could they have been, when Plaintiffs allege that the facts necessary to bring the present action (against not only MMI, but also MMI Canada and Are himself) were not yet known to them.  And without those facts, to have brought these claims against all the present Defendants as a "just in case" would likely have been frivolous.  Plaintiffs are not now precluded from bringing these claims when they could not have done so in the first actions.

## D.    Fees and Costs

Plaintiffs' counsel requests an award of fees and costs for responding to the present motions under Fed. R. Civ. P. 11, arguing that the motions are frivolous.  However, a Rule 11 motion for sanctions

---

[6] Plaintiffs' claims for unjust enrichment and constructive trust are only brought against MMI Canada, which in any case is not alleged to have been a party to the first actions.

18

must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  As such, the court denies that request on these filings without prejudice.

## V.    CONCLUSION

Therefore, the court **DENIES** the Defendants' Motions to Dismiss and denies Plaintiffs' request for fees and costs without prejudice.

**SO ORDERED**.


Date: January 31, 2024                    <u>s/F. Kay Behm</u>
                                          F. Kay Behm
                                          United States District Judge

19